IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA; | ) | |
| WILLIE ADAMS, III, individually; | ) | |
| JOHN H. BROCK, individually; | ) | |
| KELLY COLLIER, individually; | ) | |
| BRANDON JACKSON, individually; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Christopher Lopez ("Plaintiff" or "Lopez"), by his attorneys, brings this action against the City of Atlanta, Georgia, Willie Adams, III, John H. Brock, Kelly Collier and Brandon Jackson (collectively, "Defendants") and alleges, as follows:

INTRODUCTION

1.

1

This is a civil action asserting claims under Federal law arising from the unlawful arrest, detention and prosecution of Lopez caused by the willful and wrongful acts of the Defendants.  Lopez demands a jury trial and seeks an award of economic, compensatory and punitive damages, as well as an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

JURISDICTION AND VENUE

2.

This Court has original jurisdiction over Lopez's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper in the Northern District of Georgia – Atlanta Division pursuant to 28 U.S.C. § 1391 because two or more of the parties reside therein and Lopez's claims arose in this District.

PARTIES

4.

Christopher Lopez is a citizen of the State of Georgia residing in Fulton County, Georgia.

5.

Lopez was employed as a bartender at The Eagle on the night of September 10-11, 2009.

6.

Defendant City of Atlanta, Georgia ("Atlanta"), is a municipality organized pursuant to the Georgia Constitution and is subject to the jurisdiction of this Court. Atlanta may be served with summons and process by and through Mayor Kaseem Reed.

7.

Atlanta, acting pursuant to its governmental authority, operates the Atlanta Police Department (APD).

8.

Atlanta employed the individual Defendants as certified law enforcement officers within the APD.

9.

As fully set forth herein, Lopez alleges that Atlanta is liable for the injuries he suffered as a result of the illegal actions of the individual Defendants, because policies and customs established by officials within APD acting with final policy making authority on behalf of Atlanta were the moving force behind the constitutional violations alleged herein.

10.

Defendant Willie Adams, III was an officer in the Red Dog Unit of the Atlanta Police Department at the time of the events described in this complaint. He is sued in his individual capacity.  At all times pertinent to this action, Adams was acting under color of state law.

11.

Defendant John H. Brock was an officer in the Vice Unit of the Atlanta Police Department at the time of the events described in this complaint. He is sued in his individual capacity.  At all times pertinent to this action, Brock was acting under color of state law.

12.

Defendant Kelly Collier was an officer in the Vice Unit of the Atlanta Police Department at the time of the events described in this complaint. Collier is sued in his/her individual capacity. At all times pertinent to this action, Collier was acting under color of state law.

13.

Defendant Brandon Jackson was an officer in the Red Dog Unit of the Atlanta Police Department at the time of the events described in this complaint. He is sued in his individual capacity.  At all times pertinent to this action, Jackson was acting under color of state law.

<u>FACTS</u>

5

14.

The basic facts of the Raid are set forth in two official reports created on behalf of the city of Atlanta:  The report of the APD Internal Affairs Unit, "Investigation and Disposition of OPS File #09-C-0387-MISC" dated June 22, 2011 ("OPS Report"), a true and correct copy of which is available at http://www.atlantaga.gov/cms/work/tjahannes/client_resources/ government/law/apd%20ops.pdf,    and    "Greenberg    Traurig,    LLP's APD.SOP 20.20 § 3.4.1 Final Report Regarding The Planning, Execution, And Subsequent Conduct Related To The "Eagle Raid" dated June 27, 2011 ("GT Report"), a true and correct copy of which available at http://www.atlantaga.gov/cms/work/tjahannes/client_resources/gover nment/law/eagle%20report.pdf, both of which are incorporated herein by reference.

15.

On the evening of September 10, 2009, the individual Defendants, serving in their discretionary capacities as officers of APD, conducted an unannounced "raid" of the Atlanta Eagle.

16.

Prior to the raid, the individual Defendants had no evidence to suggest that Lopez was an owner, operator or manager of the Atlanta Eagle.

17.

Prior to the raid, the individual Defendants had on basis in fact to believe that Lopez had knowledge of customers performing lewd acts at the Atlanta Eagle – acts that would violate the law without regard to whether the Atlanta Eagle was permitted by the City of Atlanta as an adult entertainment establishment.

18.

Prior to the raid, the Defendants knew or reasonably should have known that the owners of the Atlanta Eagle had not secured a permit to operate the Atlanta Eagle as an adult entertainment establishment.

19.

Prior to the raid, the Defendants knew or reasonably should have known that the City of Atlanta could not issue a permit to Lopez to work as

an employee at an adult entertainment establishment when, in fact, his employer was not registered with the City as an adult entertainment establishment.

20.

After the raid began, Defendant Brock ordered Lopez from behind the bar and placed him in hand-cuffs.

21.

Brock handcuffed Lopez to Robert Kelley, a co-owner of The Eagle.

22.

Brock escorted Lopez and Kelley from behind the bar, over to the dance-floor and ordered them to sit on the ground.

23.

Lopez and Kelley complied with the order.

24.

Lopez sat on the floor with his left thumb in his pocket.

25.

Defendant Jackson saw Lopez with his left thumb in his pocket.

26.

Defendant Jackson unclipped his holster and placed his hand on his

service weapon.  He told Lopez that "if he did not take his had out of his

pocket that he would shoot Lopez."

27.

Lopez complied.

28.

At the time Defendant Jackson threatened to shoot Lopez, he had no

basis for concluding that Lopez – who was handcuffed to a fellow

employee and had demonstrated no threat to anyone at all – posed an

imminent threat of harm to anyone at all or possessed a weapon of any

sort.

29.

Lopez, along with patrons and other employees of the Eagle, was detained and made to sit on the dance-floor of the Eagle for more than two and a half hours.

30.

The Defendants issued a citation to Lopez for "Operating a Business without a License" in violation of Atlanta City Ordinance 30-55.

31.

The Defendants alleged in the citation that Lopez "work[ed] at the Atlanta Eagle Night Club and provid[ed] adult entertainment without a City of Atlanta Permit.  Accused was working behind the bar.  Alcohol was being served, sold and consumed at the location."

32.

Based upon the facts known to, or that should have been known to an objectively reasonable officer under the same circumstances, the individual defendants had no facts to support probable cause to believe that Lopez was an owner, manager or other person required to maintain a permit with the City of Atlanta to operate a business.

33.

Based upon the facts known to, or that should have been known to an objectively reasonable officer under the same circumstances, the Defendants had no facts to support probable cause to believe that Lopez was employed by an adult entertainment establishment requiring Lopez to maintain a permit with the City of Atlanta.

34.

Defendants had no evidence that Lopez performed as an adult entertainer or otherwise authorized performance by adult entertainers at the Atlanta Eagle.

35.

The Defendants arrested Lopez without probable cause on September 10, 2009.

36.

Lopez was transported to the City of Atlanta Detention Center and held for more than fifteen and a half hours.

37.

A consolidated trial was held on March 11, 2010 for all persons issued Atlanta City Code violations on the night of the Raid, including Lopez.

38.

The charges against Lopez were dismissed.  *City of Atlanta v. Kelley et al.*, Citation No. 1920907 (Atlanta Mun. Ct. Mar. 11, 2010);  *see also* Ty Tagami & Larry Hartstein, *Trial a Win for Eagle Gay Bar*, ATLANTA J. CONST., Mar. 12, 2010, at B1, *available at* http://www.ajc.com/news/atlanta/judge-atlanta-eagle-defendants-362511.html.

## COUNT I

## FOURTH AMENDMENT – 42 U.S.C. §1983

## (False Arrest)

39.

The foregoing paragraphs one (1) through thirty-eight (38) are incorporated herein by this reference.

41.

At all times relevant to this action, the individual defendants were acting under color of state law and within the scope of their discretionary functions as employees or officers of Atlanta.

41.

Based upon their prior experience, knowledge and training as a law enforcement officers, the individual defendants knew that no arguable probable cause, much less probable cause, existed to arrest Lopez for violating any criminal statute or city ordinance on September 10, 2009.

42.

Under the facts and circumstances alleged herein, an objectively reasonable law enforcement officer in the individual Defendants' position would have known that no arguable probable cause existed to support arrest, detention and prosecution of Lopez.

43.

At all times relevant to this action, the law was established with obvious clarity that the individual Defendants' actions as fully set forth herein violated Lopez's Fourth Amendment rights.

44.

As a direct and proximate cause of the individual Defendants' unlawful actions, Lopez was seized and detained against his will and thereby suffered a loss of liberty in violation of his rights under the Fourth Amendment to the United States Constitution, entitling him to an award of actual and compensatory damages in an amount to be determined by the enlightened conscience of the jury.

45.

The actions of the individual Defendants described herein were willful, deliberate, and malicious, thereby entitling Johnson to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT II

### FOURTH AMENDMENT – 42 U.S.C. § 1983

14

**(Malicious Prosecution)**

46.

The foregoing paragraphs one (1) through thirty-eight (38) are incorporated herein by this reference.

47.

At all times relevant to this action, the individual defendants were acting under color of state law and within the scope of their discretionary functions as employees of Atlanta.

48.

Lopez's criminal prosecution was instituted by the individual defendants through the issuance of an Arrest Citation on September 10, 2009 and furthered by the appearance of one or more of the individual defendants at Lopez' first appearance hearing and subsequent trial in the City of Atlanta Municipal Court.

49.

Lopez was seized and detained against his will by the individual defendants with malice and without probable cause.

50.

Lopez's criminal prosecution terminated in his favor when, upon motion by the City of Atlanta Solicitor, the municipal court judge dismissed the charges against Lopez with prejudice.

51.

The individual Defendants knowingly and willfully instituted and maintained a criminal prosecution against Lopez with malice and without probable cause.

52.

Under the facts and circumstances alleged herein, objectively reasonable law enforcement officers would have known that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

53.

At all times relevant to this action, the law was established with obvious clarity that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

54.

As a direct and proximate result of the Defendants' unlawful actions, Lopez was seized and detained against his will and subjected to criminal prosecution in violation of his rights under the Fourth Amendments to the United States Constitution.

55.

As a direct and proximate cause of the Defendants' unlawful actions, Lopez has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

56.

As a direct and proximate cause of the Defendants' unlawful actions, Lopez has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

57.

The unlawful actions of the individual defendants were done willfully, deliberately, and maliciously, thereby entitling Lopez to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT III

### FOURTH AMENDMENT – 42 U.S.C. § 1983

### (Monell Liability)

58.

The foregoing paragraphs one (1) through thirty-eight (38) are incorporated herein by this reference.

59.

Prior to the raid on the Atlanta Eagle, the City, by and through officials with final policy making authority, had knowledge that the individual defendants intended to conduct a raid at the Atlanta Eagle and arrest one or more employees and patrons therein for purportedly violating the criminal laws of the State of Georgia and/or ordinances of the City of Atlanta.

60.

The City, by and through officials exercising final policy making authority, explicitly approved the decision to institute a raid at the Atlanta Eagle and arrest employees, including Lopez, as well as the constitutionally deficient basis for those actions.

61.

The City's actions specifically set forth herein were the moving force behind the constitutional violations committed by the individual defendants as specifically set forth in Count I and II of this Complaint.

62.

Following Lopez's arrest, Atlanta became aware of the constitutional violations committed by the individual defendants and ratified their actions; therefore, Atlanta is liable for the injuries caused to Lopez by the actions of the individual Defendants.

63.

As a direct and proximate cause of the City's customs, Lopez has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

64.

As a direct and proximate cause of the City's customs, Lopez has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

**WHEREFORE**, Lopez respectfully requests the following relief:

A)  That special damages be awarded to compensate the Plaintiff for his economic injuries as a consequence of the Defendants' violations of his rights in an amount to be determined by the enlightened conscious of the jury;

B)  That compensatory damages be awarded against each of the Defendants individually to compensate the Plaintiff for his pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of the Defendants' actions  in an amount to be determined by the enlightened conscious of the jury;

C)  That punitive damages be awarded against the individual Defendants *only* in an amount to be determined by the enlighten conscious of the jury to deter them and others from similar misconduct in the future;

D)  That a trial by jury be had on all issues wherein a jury trial is permitted under law;

E)    That attorney's fees and expenses of litigation be awarded as authorized under 42 U.S.C. §1988;

F)    That prejudgment interest be awarded; and,

G)    That the Court award such other relief as the Court deems just and proper.

This  9th  Day of September, 2011.


Respectfully submitted,

*/s/William J. Atkins*
WILLIAM J. ATKINS
State Bar No.  027060
DAVID B. FIFE
State Bar No.  259871

**ATKINS & FIFE, LLC**
6400 Powers Ferry Road, Suite 355
Atlanta, Georgia  30339
Telephone: (404) 969-4130
Facsimile: (404) 969-4140
bill@atkins-law.com
www.atkinsfife.com